UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARINA FANDINO, *et al.*, § | |
| *Plaintiffs*, § | |
| § | |
| vs. § | CIVIL ACTION H-03-5160 |
| § | |
| POLARIS INDUSTRIES, INC., § | |
| *Defendant*. § | |

**MEMORANDUM AND ORDER**

Before the court is defendant Polaris Industries, Inc.'s objections to the May 2, 2006 order of Magistrate Judge Stacy's denial of its motion for leave to amend its answer and assert counterclaims (Dkt. 124).

Polaris relies upon the liberal standards of Federal Rule of Civil Procedure 15(a) for leave to amend. However, the relevant scheduling order set October 15, 2005 as the deadline for filing non-dispositive motions.[1] Polaris filed its motion to amend on March 28, 2006, well after that deadline had passed. After a scheduling order deadline has passed, it is Federal Rule of Civil Procedure 16(b) that governs the amendment of pleadings. *See Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) states that a scheduling order "shall not be modified except upon a showing of good cause." FED. R. CIV. P. 16(b). In determining good cause, the court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Southwestern Bell*, 346 F.3d at 546; *S & W Enters.*, 315 F.3d at 536. Only when the movant demonstrates "good cause" to modify a scheduling

---

[1] *See* Dkt. 61.

order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 536. Polaris does not address the requirements of Rule 16(b).

Moreover, to set aside a non-dispositive order by a magistrate judge, Polaris must show that the order was clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a). Given the untimeliness of the motion and Rule 16's "good cause" standard, the order was not clearly erroneous or contrary to law. It will therefore not be set aside.

According, Polaris's objections are OVERRULED.

Signed on December 4, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge