IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
Filed
JAN 1 8 2007
Michael N. Milby, Clerk
RMK

| | |
|---|---|
| MARINA FANDINO, Individually and as Next Friend of SAMANTHA FANDINO and VANESSA FANDINO, both Minors; and VANIA VALDEZ, Individually and as Next Friend of LAURA PEREZ, a Minor,<br><br>    Plaintiffs,<br><br>      vs.<br><br>POLARIS INDUSTRIES INC.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Cause No. H-03-5160 |

## **JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

On this the ___18th___ day of ___January___, 2007, came on to be considered the above-styled and numbered cause, wherein, MARINA FANDINO, Individually and as Next Friend of SAMANTHA FANDINO and VANESSA FANDINO, both Minors; and VANIA VALDEZ, Individually and as Next Friend of LAURA PEREZ, a Minor, (hereinafter referred to as "Plaintiffs") and POLARIS INDUSTRIES INC. is Defendant. The Plaintiffs appeared by and through their attorney of record and in person, and the Defendant appeared by and through its attorneys of record in this cause. The parties having announced ready for trial, a jury having been waived, and it having been made to appear to the Court that there is a potential conflict of interest herein by and between the minor Plaintiff, SAMANTHA FANDINO, and her parent, as

next friend, and minor Plaintiff, VANESSA FANDINO, and her parent, as next friend, and minor Plaintiff, LAURA PEREZ, and her parent, as next friend, and the Court being of the opinion that said minor Plaintiffs should be represented by a guardian ad litem, the Court having appointed David P. Walker a practicing attorney at the bar of this Court, as guardian ad litem, to represent the interest of said minor Plaintiffs, and the parties having announced unto the Court that, subject to the approval of the Court, they have arrived at a settlement of the controversies existing between them in this case, under the terms of which settlement judgment should be rendered.

The guardian ad litem, having entered his appearance and having duly given examination into the nature of the minor Plaintiffs' case, the defenses of the Defendant thereto, and being fully advised, represents to the Court that the terms of the proposed settlement are fair, just, and reasonable, and that it would be in the best interest of the said minor Plaintiffs for said settlement to be adopted and entered as the judgment of this Court. Thereupon, the Court proceeded to hear testimony concerning the terms of said settlement. The court finds that the terms of the aforementioned settlement are fair, just, and reasonable, and that it will be and is in the best interest of the minor Plaintiffs, Samantha Fandino, Vanessa Fandino, and Laura Perez, that the terms of said settlement be adopted and entered as judgment of this Court;

It is, therefore, ORDERED, ADJUDGED, and DECREED by the Court as follows:

1.     That the amount recoverable by Plaintiff Marina Fandino, Individually, remain confidential as agreed by and between the parties as set forth in the Confidential Settlement Agreement and General Release.

2.     That the amount recoverably by Plaintiff Vania Valdez, Individually, remain confidential as agreed by and between the parties as set forth in the Confidential Settlement Agreement and General Release.

3.     That Plaintiff, Marina Fandino, As Next Friend of Samantha Fandino, a Minor, does have and recover of and from said Defendant, Polaris Industries Inc. the sum as set forth in the Confidential Settlement Agreement and General Release and such sums shall be paid into the Samantha Fandino Trust.

4.     That Plaintiff, Marina Fandino, As Next Friend of Vanessa Fandino, a Minor, does have and recover of and from said Defendant, Polaris Industries Inc. the sum as set forth in the Confidential Settlement Agreement and General Release and such sums shall be paid into the registry of the Court by the Defendant for the account of said minor Plaintiffs.  Further, the Clerk of this Court is instructed ~~to hold said check~~ ~~until~~_____, ~~and thereafter~~ to deposit said funds in an interest bearing account at the highest obtainable legal rate of interest.

5.     That Plaintiff, Vania Valdez, As Next Friend of Laura Perez, a Minor, does have and recover of and from said Defendant, Polaris Industries Inc. the sum set forth in the Confidential Settlement Agreement and General Release and shall be paid unto the registry of the Court by the Defendant for the account of said minor Plaintiff.  Further, the Clerk of this Court is instructed ~~to hold said check until~~_____, and ~~thereaft~~er to deposit said funds in an interest bearing account at the highest obtainable legal rate of interest.

3

6.    The fee of $8,100.00 hereby awarded to the guardian ad litem for his services in representing the minor Plaintiffs, is hereby taxed against the Defendant.

7.    Any and all relief prayed for by any party to this cause and not hereby specifically awarded is hereby in all things denied.

It appearing to the court that the Defendants has heretofore paid into the registry of this court the sum of money hereinabove awarded to the minor Plaintiffs, it is ordered that no execution shall issue except in favor of the officers of this court for cost of suit in the event same are not paid within a reasonable time.

SIGNED this ___18th___ day of ___January___, 2007.

_____
JUDGE PRESIDING

APPROVED:

David P. Walker
Guardian ad Litem

RICHARD LAGARDE
Attorney for Plaintiffs

MARTIN L. MAYO
Attorney for Defendant, Polaris Industries Inc.